UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NORMAN M., | ) |
|     Plaintiff | ) ) ) |
| v. | )    1:22-cv-00015-NT |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
|     Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

Plaintiff applied for disability insurance benefits under Title II and for supplemental security income benefits under Title XVI of the Social Security Act with an alleged onset date of December 13, 2017. Defendant, the Social Security Administration Commissioner, found that before May 1, 2020, Plaintiff had severe impairments but retained the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits from December 13, 2017, to May 1, 2020. Defendant, however, determined that Plaintiff was disabled after May 1.[1] Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

---

[1] After an ALJ denied Plaintiff's request for benefits, Plaintiff sought reconsideration. In an amended decision, the ALJ found Plaintiff was not disabled prior to May 1, 2020, but found Plaintiff was disabled as of May 1.

## THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the November 13, 2020, decision of the Administrative Law Judge.[2] (ALJ Decision, R. 15). The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of condition status post cerebrovascular accident, diverticulitis, and condition status post multiple surgeries. (R. 18.) The ALJ determined that from December 13, 2017, to May 1, 2020, Plaintiff had the residual functional capacity (RFC) to perform light work with the following limitations: he could lift/carry up to twenty pounds occasionally and ten pounds frequently; sit for up to six hours during an eight-hour workday, and stand/walk for up to six hours during an eight-hour workday. (R. 22.) Plaintiff would have required the ability to change positions every hour for up to five minutes (either at the end of the hour or intermittently throughout the hour), and avoid climbing ladders, ropes, or scaffolds, kneeling and crouching, and balancing on wet, uneven, or vibrating surfaces. (*Id*.) He would have been limited to occasionally climbing ramps/stairs, stooping and crawling. Plaintiff would also have had to avoid working around unprotected heights or heavy moving machinery. (*Id*.)

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that from December 17, 2017, through May 1, 2020, Plaintiff could perform substantial gainful activity existing in the national economy, including the representative occupations of photocopy machine operator, router,

---

[2] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

price marker, and ticket seller. (R. 27-28.)  The ALJ determined, therefore, that Plaintiff was not disabled prior to May 1, 2020.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome.  *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts."  *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

The ALJ found that Plaintiff's "right knee impairment did not cause limitations that more than minimally affected his ability to perform basic work activities for at least twelve months." (R. 19.)  The ALJ, therefore, concluded that Plaintiff's right knee impairment did not constitute a severe impairment.  Plaintiff contends the ALJ erred in this assessment.  Plaintiff also argues the ALJ's RFC determination is not supported by substantial evidence.

At step 2 of the sequential evaluation process, a social security disability claimant must establish the alleged conditions are severe, but the burden is de minimis, and is designed merely to screen out groundless claims.  *McDonald v. Sec'y of HHS*, 795 F.2d 1118, 1123-24 (1st Cir. 1986).  The ALJ may find that an impairment or combination of

3

impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28). In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis. *Id.* An impairment must meet the 12-month durational requirement to be considered "severe." 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii); *Mulero v. Comm'r of Soc. Sec.*, 108 F. App'x 642, 644 (1st Cir. 2004) (to be severe, impairment must satisfy durational requirement).

The record reflects that Plaintiff experienced right knee symptoms beginning in December 2017 for which he received treatment, including an injection to address prepatellar bursitis and knee discomfort. A review of the record generated over the ensuing months reveals that periodic injections provided some relief, but Plaintiff, who was being treated for other conditions (e.g., the consequences of a stroke, shoulder surgery), occasionally reported ongoing knee discomfort. Ultimately, Plaintiff underwent arthroscopic knee surgery in July 2019, which surgery alleviated most of Plaintiff's symptoms, and he was able to return to regular activities.

While Plaintiff can point to records that reflect some intermittent issues with his knee during the relevant period and while "[a] condition need not be 'severe' or symptomatic day in and day out for twelve straight months to meet the durational requirement," *Greene v. Barnhart,* No. 1:03–cv–00036-JAW, 2003 WL 2291199, at *4 (D. Me. Dec. 15, 2003), periodic issues do not necessarily satisfy the durational requirement. In this case, the ALJ

assessed Plaintiff's history from December 2017 through May 1, 2020, and supportably concluded that Plaintiff's knee condition was not a severe condition because it failed to meet the durational requirement. The ALJ noted the limited treatment from December 2017 and September 2018, and that the injections improved Plaintiff's condition.

Furthermore, to the extent Plaintiff contends the ALJ could not determine whether the durational requirement was satisfied without an expert opinion on the issue, Plaintiff's argument is unpersuasive. Although an ALJ typically considers medical records and opinions when assessing whether the durational requirement has been satisfied, "duration is an issue that can be assessed as a matter of common knowledge." *Faye L. R. v. Saul*, No. 2:20-cv-00023-NT, 2021 WL 425984, at * 6 (Feb. 7, 2021). The ALJ's assessment of the available information can fairly be considered within the common knowledge of a layperson and the ALJ did not err in his assessment.

Even if Plaintiff's knee condition satisfied the durational requirement, Plaintiff's claim fails. If error occurred at step 2, remand is only appropriate when the claimant can demonstrate that an omitted impairment imposes a restriction beyond the physical and mental limitations recognized in the Commissioner's RFC finding, and that the additional restriction is material to the ALJ's "not disabled" finding at step 4 or step 5. *Socobasin v. Astrue,* 882 F. Supp. 2d 137, 142 (D. Me. 2012) (citing *Bolduc v. Astrue,* No. 1:09–cv–00220–JAW, 2010 WL 276280, at *4 n. 3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.")).

Here, the ALJ limited the amount of time Plaintiff could stand/walk to six hours each day, determined that he must avoid climbing ladders, ropes, or scaffolds, kneeling and

crouching, and balancing on wet, uneven, or vibrating surfaces, and limited him to occasionally climbing ramps/stairs, stooping and crawling. Plaintiff contends the limitations are standard and that any error is not harmless because Plaintiff's treatment provider, Meaghan Lamothe, FNP, found that Plaintiff would have to be off for 15 minutes every hour, which would preclude any work.  First, a limitation to light duty with stand/sit limitations is not "standard."  In addition, Ms. Lamothe's restriction to 15 minutes off each hour is not related to Plaintiff's degenerative knee condition.  Rather, Ms. Lamothe found the restriction was due to chronic fatigue resulting from the Plaintiff's subjective complaints and the cerebrovascular accident. (R. 651.)  Plaintiff, therefore, cannot rely on Ms. Lamothe's opinion to satisfy his obligation to demonstrate that a step 2 finding that his knee condition was a severe impairment would have changed the outcome.  The ALJ's step 2 assessment does not warrant remand.

  Citing some of the same concerns regarding the ALJ's assessment of the medical evidence, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence.  Plaintiff contends because the expert upon whom the ALJ principally relied, Archibald Green, D.O., did not have the opportunity to review all the relevant medical information, including records related to the July 2019 arthroscopic surgery on Plaintiff's knee, the ALJ cannot supportably rely on Dr. Green's opinion.  Plaintiff, however, has not demonstrated that the additional evidence would likely have resulted in a change in Dr. Green's opinion or otherwise undermines Dr. Green's opinion.  Indeed, the record supports the conclusion that the surgery substantially alleviated Plaintiff's knee symptoms.  In short, the ALJ reviewed the medical evidence and supportably assessed Plaintiff's RFC.

  Finally, because Plaintiff's challenge to the vocational expert's testimony is

derivative of his RFC argument, Plaintiff's claimed error regarding the vocational expert's testimony also fails.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of April, 2023.